UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN O'LEARY,<br><br>Defendant. | Case No. CR12-298RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Motion to Reduce Sentence Pursuant to: 18 U.S.C. 3582(c)(1)(A)(i)." Dkt. # 44. Having considered the motion and the record contained herein, the Court finds as follows:

## I. PROCEDURAL MOTIONS

As an initial matter, the Court finds compelling reasons justify sealing Exhibit A of the government's response, as well as Exhibit A of the government's supplemental response. The government's motions to seal (Dkts. # 51, # 56) are accordingly GRANTED.

## II. BACKGROUND

Defendant is a 63-year-old inmate currently incarcerated at the Federal Correctional Institution ("FCI") Lompoc. On November 27, 2012, defendant pled guilty to a charge of murder in the second degree in violation of 18 U.S.C. §§ 1111(a)–(b) and 1153. Dkt. # 26 at 1. On May 3, 2013, the Court sentenced defendant to 240 months' imprisonment and five years of supervised release. Dkt. # 41 at 2–3. Defendant is currently scheduled for release from the

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 1

custody of the Federal Bureau of Prisons ("BOP") on June 27, 2029. Dkt. # 49 at 1. He now moves for compassionate release.

### III.   LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; . . .
> > > >
> > > > (ii) . . .
> > >
> > > and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) **Medical Condition of the Defendant**—
>
>    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time

period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**— For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 4

      anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.[1]

## IV.    DEFENDANT'S CIRCUMSTANCES

Prior to considering the merits of defendant's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement by filing a request on July 2, 2020, Dkt. # 44 at 41, which the Warden at FCI Lompoc denied on August 17, 2020, Dkt. # 44 at 40. Finding that defendant has exhausted his administrative remedies, the Court will consider the merits of his motion for compassionate release.

---

[1] For the reasons set forth in detail in United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 5

Defendant's motion for compassionate release is based primarily on his heightened risk for developing serious complications if he contracts COVID-19 while incarcerated at FCI Lompoc. The Court need not reiterate the widely known information regarding the symptoms of COVID-19 and the devastating global impact of the virus. COVID-19 has created unprecedented challenges for federal prisons, where inmate populations are large and close contact between inmates is unavoidable. As of November 17, 2020, the BOP reports 3,048 federal inmates and 1,113 BOP staff have active, confirmed positive COVID-19 test results. See COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 17, 2020). Since the BOP reported its first case in late March 2020, at least 141 federal inmates and two BOP staff members have died from the virus. Id. FCI Lompoc currently reports two inmates and one staff with active, positive COVID-19 test results. Id. BOP has classified 144 inmates and 28 staff at FCI Lompoc as "recovered" from the virus. Id.

Defendant alleges that he is at higher risk for developing complications from COVID-19 based on his age, hypertension, sleep apnea, and weight status. Dkt. # 58 at 1–2. The government concedes that risks from COVID-19 rise with age but argues that defendant "has not yet reached the age that places him at the highest risk." Dkt. # 50 at 8 (citing Older Adults, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Nov. 17, 2020)). The government also questions whether defendant's hypertension, sleep apnea, and weight status justify a reduction in his sentence. A review of defendant's BOP medical records confirms that he suffers from several health issues, including hypertension and sleep apnea. Dkt. # 52 at 5. With respect to weight status, defendant alleges that he is overweight but "just below the cutoff for 'obesity,'" Dkt. 58 at 2, based on the height recorded in the Presentence Report issued in 2013 (5' 7"), PSR ¶ 52, and the weight reflected in his BOP medical records from approximately one year ago (187 pounds), Dkt. # 52 at 4. Notably, defendant's BOP medical records record his height as one inch shorter in 2017 (5' 6"), Dkt. # 52 at 93, 109, which would result in defendant being just over the cutoff for obesity. See Healthy Weight, Nutrition, and Physical Activity, CDC, https://www.cdc.gov/healthyweight/

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 6

assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Nov. 17, 2020). Although the CDC has not recognized sleep apnea as a medical condition that increases an individual's risk for severe illness from COVID-19, the CDC has identified hypertension as a medical condition that *may* increase an individual's risk, and obesity as a medical condition that *does* increase an individual's risk. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 17, 2020).

Defendant previously contracted COVID-19 on May 7, 2020, and BOP medical records appear to show that the case was resolved on May 21, 2020. Dkt. # 52 at 58. The government argues that defendant's experience with COVID-19 cuts against his ability to show "extraordinary and compelling" reasons warrant compassionate release because recent news reports suggest that reinfection with the virus is rare. Dkt. # 50 at 8 (citing Sandi Doughton, Seattle-area Man Is the Third Person in the U.S. Confirmed to Have Been Infected Twice with Coronavirus, Seattle Times (Oct. 15, 2020), https://www.seattletimes.com/seattle-news/health/seattle-area-man-is-the-third-person-in-the-u-s-confirmed-to-have-been-infected-twice-with-coronavirus/). Defendant counters "that reinfection is possible and there is evidence that people who are re-infected are more likely to suffer greater illness." Dkt. # 58 (citing Lisa Schnirring, Reports Shed More Light on COVID Reinfection As 2 Trials Paused, University of Minnesota: Center for Infectious Disease Research and Policy (Oct. 13, 2020), https://www.cidrap.umn.edu/news-perspective/2020/10/reports-shed-more-light-covid-reinfection-2-trials-paused. As the articles cited by the parties acknowledge, more research is needed and much about the virus remains unknown. The Court will not deny defendant's motion for health-based compassionate release based solely upon a speculation that, if he remains incarcerated during the COVID-19 pandemic, he is at reduced risk because he already contracted the virus once.

In light of the dangers posed by COVID-19, the Court finds the combination of defendant's age, obesity, and hypertension concerning. However, even assuming defendant has

met his burden to demonstrate that "extraordinary and compelling" reasons warrant his compassionate release, additional considerations require denial of relief.

Prior to granting defendant's motion for compassionate release, the Court must find that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Defendant's record cannot support such a finding. Dkt. # 50 at 10–12. The offense for which defendant has served the current term of imprisonment is violent and extremely disturbing. Defendant murdered the woman who was his life partner for twenty-seven years. Dkt. # 35 at 9; Dkt. # 50 at 10. Defendant not only suffocated her to death with a pillow; he left her body to decompose under their bed. PSR ¶¶ 7–10. Defendant then lied to relatives regarding her whereabouts, and when initially confronted by law enforcement officers, he falsely characterized the murder as a mercy killing. Id. Additionally, defendant's criminal history reflects another very serious crime: negligent homicide. PSR ¶¶ 28–29. Defendant's decision to drive drunk resulted in the deaths of two individuals. PSR ¶ 29. Nevertheless, defendant continued to abuse alcohol. PSR ¶¶ 56–62. Although defendant has engaged in some educational programming while in prison, Dkt. # 44 at 51–58, defendant's prison disciplinary record shows several infractions, Dkt. # 50-1 at 2 (Ex. B). Ultimately, given the violent nature of the offense and defendant's history, the Court cannot conclude that he does not pose a continued danger to any other person or the community. U.S.S.G. § 1B1.13.[2] Defendant's motion for compassionate release must therefore be DENIED.

## V. CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 44) is DENIED. The government's motions to seal (Dkts. # 51, # 56) are GRANTED.

---

[2] Because the Court has determined that defendant poses a danger to the community, it need not further address the factors set forth in 18 U.S.C. § 3553(a). That said, the Court agrees with the government's analysis of the § 3553(a) factors, see Dkt. # 50 at 10–11, and concludes that defendant's circumstances do not warrant a reduction in sentence.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 8

DATED this 19th day of November, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 9